SMITH v. JEROME et al.

(Supreme Court, Special Term, Queens County. April, 1905.)

1. SEARCHES AND SEIZURES—PERSONS ARRESTED—SEARCH FOR EVIDENCE.
   The police may search the person of one lawfully arrested, and also the room or place in which he is arrested, and also any other place to which they can get lawful access, for articles that may be used in evidence to prove the charge on which he is arrested.
   [Ed. Note.—For cases in point, see vol. 4, Cent. Dig. Arrest, § 174.]

2. SAME—SEIZURE OF LETTERS—REMEDY OF INJURED PARTY—INJUNCTION.
   A complaint to compel officers of the law to deliver to plaintiff letters taken from him by the police at the time of his arrest fails to state grounds for a mandatory injunction pending suit, where it alleges that the indictment pursuant to which plaintiff was arrested charges no crime.

Suit for mandatory injunction by J. Morgan Smith against William Travers Jerome and another, district attorney and assistant district attorney of the county of New York, to compel defendants to deliver to plaintiff letters received by him and his wife, and taken from them by the police. On motion for injunction pending suit. Denied.

Herbert R. Limburger, for plaintiff.
Howard S. Gans, for defendants.

GAYNOR, J. The plaintiff and his wife were indicted with another for the crime of conspiracy in the county of New York. They were thereafter arrested by the police in Cincinnati as fugitives from justice, and brought back under a requisition of the Governor of the state of New York upon such indictment, or else they came back voluntarily, and they are now detained for trial. The head of the Cincinnati police sent to the district attorney of New York by mail certain letters addressed to the plaintiff and to his wife which the police of Cincinnati found on a search of their room and effects at the time of their arrest, and which were seized on the ground that they tended to prove the accused guilty of the crime charged in the indictment. The object of this suit is to require the district attorney to give such letters back to the plaintiff.

The police have the power and it is also their duty to search the person of one lawfully arrested, and also the room or place in which he is arrested, and also any other place to which they can get law-

ful access, for articles that may be used in evidence to prove the charge on which he is arrested. We have no statute defining this power or prescribing this duty, but the ends of justice require that they should exist, and they have been exercised under the common law from time immemorial. The authorities on this head seem to be few, but only because the thing has seldom if ever been questioned. We have at least one such authority in this state (Houghton v. Bachman, 47 Barb. 388), and there are several in England. This right and duty of search and seizure extend, however, only to articles which furnish evidence against the accused. They do not, for instance, permit the seizure of his money, unless it furnishes evidence of his guilt, and in no other case may a prisoner's money or other property to be taken from him. It does not sufficiently appear that the letters in question are not of such incriminating character. In the time at my disposal I cannot go further into the law of the case, although it has been somewhat abused in recent years and needs to be stated for the guidance of the police.

The complaint also fails to state a case for relief by this motion. It alleges that the indictment charges no crime, from which it follows that the plaintiff and his wife have no need to get possession of the letters to prepare for their defence.

The motion is denied.