## A. PARRISS ET AL. v. C. L. HUGHES.

### Decided April 8, 1908.

**1.—Homestead—Agreement to Sell—Specific Performance.**

A written contract by a single man to convey his land is valid as against the homestead rights of a wife marrying him after the contract but before conveyance. The purchaser may have decree of specific performance against the husband in an action therefor, joining the wife as defendant and concluding the homestead claim of both defendants by the decree.

**2.—Same—Notice—Record of Title.**

The wife, it seems, acquires no homestead rights which would preclude the enforcement of an unrecorded contract made by the husband before marriage for the sale of his land to another, though she had no notice thereof.

Appeal from the District Court of Travis County, 53d District. Tried below before Hon. George Calhoun.

*Z. T. Fulmore,* for appellants.—Equity will not decree specific performance of a contract by one who was not a party to the contract, nor to compel the wife against her consent to convey away the homestead. Jones v. Goff, 70 Texas, 572; Brewer v. Wall, 23 Texas, 585; Allison v. Schilling, 27 Texas, 465; Story's Equity Jurisprudence, secs. 718, 733; Pomeroy's Equity, secs. 744, 718; Owens v. McNally, 33 L. R. A., 367; Gall v. Gall, 19 N. Y. Supp., 332.

The court erred in holding as a matter of law that the written contract in this case, dated Nov. 5, 1906, to convey real and personal property, of which defendant Emily Parriss prior to her marriage to A. Parriss had no notice, defeated her homestead claim, said contract not having been recorded and said Emily Parriss having no notice whatever of the same.

*Sandbo & Shelton,* for appellee.—The wife acquires a homestead right in the separate property of her husband subject to all of the equities and legal incumbrances thereon at the time the said homestead is sought to be acquired; and she can not question the right of her husband to renounce, sell, or dispose of said lands in order to settle or dispose of such conditions or contingencies. White v. Sheppard, 16 Texas, 172; Betts & Bean v. Scott, 37 Texas, 65; Mabray v. Harrison, 44 Texas, 294; Clements v. Lacey, 51 Texas, 160; De Bruhl v. Maas, 54 Texas, 474; Brooks v. Young, 60 Texas, 36; Wheatley v. Griffin, 60 Texas, 212; Morris v. Geisecke, 60 Texas, 635.

A party may not by his own act place himself in position to make illegal a legal contract that he has entered into. Same authorities.

Key, Associate Justice.—C. L. Hughes brought this suit against A Parriss and his wife upon a written contract for the conveyance of a tract of land and certain personal property.

The defendants, in addition to exceptions and a general denial, pleaded homestead rights in the land.

The trial court held against the plea of homestead, and held that the plaintiff was entitled to recover, and rendered judgment for him for the land, conditioned upon his paying into the registry of the court $2500, and executing five promissory notes for $500 each, payable to the defendant A. Parriss, and in accordance with the contract between them. The defendants have appealed. The trial judge filed conclusions of fact, all of which are sustained by testimony, and are as follows:

"That on the 5th day of November, 1906, the defendant, A. Parriss, was a single man and the owner of one hundred acres of land, situated near Creedmoor, in Travis County, Texas, as described in plaintiff's petition, and one span of mules, one mare, one wagon, and about three hundred bushels of corn on said farm; that said land was all the land owned by said A. Parriss at the time of the execution of said contract.

"That on the said 5th day of November, 1906, the said A. Parriss entered into a contract in writing with the plaintiff, C. L. Hughes, for the sale and transfer of said one hundred acres of land, and the aforesaid personal property, which contract in writing was as follows:

'State of Texas,    ⎱
County of Travis.  ⎰

This article of agreement, this day made and entered into between A. Parriss and C. L. Hughes, both of Travis County, Texas, witnesseth: A. Parriss agrees to sell and C. L. Hughes agrees to buy the farm of said A. Parriss, consisting of one hundred (100) acres of land near Creedmoor, together with his span of mules, wagon, tools, corn, cane and one mare, and so on, the consideration being a round sum of $5,000 payable as viz.: as much as $2,500 in cash, at the option of said Parriss, and the remaining $2,500 payable in five notes of $500 each, payable on or before one, two, three, four and five years after date, with interest at six percent from date, interest payable annually.

'Said Parriss to have the right to reserve the mare above mentioned at $50. If so, the consideration to be $4950 for land and other property. Said Parriss agrees to furnish an abstract of title to the land brought up to date, and to furnish good and sufficient title to same.

'A. Parriss also hereby acknowledges receipt of $100 cash, paid by said Hughes into the hands of T. H. Davis, said $100 to be held by said T. H. Davis for A. Parriss pending the examination and approval of title by counsel for said Hughes; this contract, of course, being subject to approval of title by counsel of said Hughes.

'The deed, etc., to consummate the deal to be fixed up as soon

as possible and practicable. Said Parriss also to give possession by December 1, 1906.

'In witness of the above, we have hereunto set our hands at Creedmoore, Texas, this November 5, 1906.

Witnesses:

| (Signed) John C. Ross, | (Signed) A. Parriss. |
| (Signed) T. H. Davis, | (Signed) C. L. Hughes.' |

"That at the time of the execution of said contract, it was agreed and understood by the parties that the five notes described in said contract were awarded to be secured by a vendor's lien upon the one hundred acres of land described in plaintiff's petition and contracted to be sold to plaintiff in said written contract.

"That after entering into said contract in writing with the plaintiff, the said defendant, A. Parriss, married the defendant Emily Parriss.

"That at the time of the execution of the above contract, the defendant, A. Parriss, was the sole owner of said property described in said contract, and was a single man, and the defendant Emily Parriss had no right, title or interest in and to any of said property; personal or real.

"That before the marriage of the defendants, A. Parriss and Emily Parriss, and after the execution of said contract, the plaintiff informed the said Emily Parriss of the contract in writing made between plaintiff and the defendant A. Parriss.

"That after the execution of the aforesaid contract the plaintiff got an abstract of title to the land and had his attorney to pass upon the same, and told the defendant, A. Parriss, that he was ready to close the deal, and tendered the money to the said defendant, A. Parriss; the said A. Parriss informed plaintiff that he was sick, but that as soon as he could do so he would go to town and close the deal, at which time the defendant Emily Parriss was present."

*Opinion.*—The first assignment of error presented in appellants' brief asserts that the court erred in holding, as a matter of law, that the homestead rights of Emily Parriss were subordinate to the right and prior claim of plaintiff Hughes under his contract of date November 5, 1906. But one proposition is submitted under that assignment, which is as follows: "Equity will not decree specific performance of a contract by a party who was not a party to the contract, nor compel the wife, against her consent, to convey away the homestead." This proposition might be answered with the statement that the decree in this case is not a decree for specific performance as against Mrs. Parriss,—it does not compel her to convey any property or sign any paper. However, it does adjudicate the question of homestead, and holds that her homestead right is subordinate to appellee's right to the land secured to him by the contract of November 5, 1906, and we have considered that question and reached the conclusion that the ruling is correct. At the time the contract was made, A. Parriss was a single man, and therefore, although the property may have been his homestead at that time, he had the power

to sell it, and the contract of sale was a valid and binding obligation, and was not affected by the use of the property as a homestead after his marriage. We have found no case entirely analogous to this, but there are numerous decisions in this State which hold that homestead rights are subordinate to all pre-existing liens, whether legal or equitable. In many of the cases it is declared that homestead rights are subject to all pre-existing equities. Under the facts of this case, the contract between appellee and A. Parriss vested in the former rights both legal and equitable, in relation to the property in controversy; and while such rights do not constitute a lien upon the property they are valuable rights and we see no reason why, as against a subsequently acquired homestead right, they should not rest upon the same plane and be accorded the same protection that is allowed to pre-existing liens. The case of Jones v. Goff, 63 Texas, 248, and 70 Texas, 572, is not in point. In that case it was held that the wife was not bound by a contract to convey her homestead, it being the homestead of both husband and wife at the time the contract was made. Nor are the other cases cited in appellants' brief analogous. Krueger v. Wolf, 12 Texas Civ. App., 167, decided by this Court, and relied on by appellants, deals with a different question. In that case a child was asserting a homestead right in property belonging to the insolvent estate of a deceased parent, and the decision was based upon statutory provisions, which have no application to this case.

The other assignment of error asserts a proposition of law, based upon the assumption that Mrs. Parriss had no notice of appellee's rights at the time she married A. Parriss and acquired her homestead right in the property. The proposition of law is abstract and need not be decided, because the trial court found, upon testimony amply sufficient, that Mrs. Parriss had the notice which the assignment asserts she did not have. However, as she was not a creditor, and had no prior rights in the property, we fail to see any materiality in the question of notice.

No error has been shown and the judgment is affirmed.

*Affirmed.*

Writ of error refused.