STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GEORGE E. MAUSERT, PLAINTIFF IN ERROR.

Argued June 16, 1915—Decided November 15, 1915.

The defendant was arrested by virtue of a warrant issued upon a complaint charging him with keeping a disorderly house by procuring men and women of evil name and fame to frequent it for immoral purposes, the house being used by the defendant as a hotel or public house. The arrest was made in the public office in which there was a counter or desk; on this counter there was, openly displayed, the hotel register containing the names of persons and the rooms to which they were assigned, and also a cash-book showing receipts of payments for such rooms. In the presence of the defendant and at the time of making the arrest, these books were taken by the officer, without a search warrant, and delivered to the prosecutor of the pleas, who used these books as evidence against the defendant in support of the crime charged. Before the trial an application was made to the court by the defendant for their return to him upon the ground that such seizure was prohibited by paragraph 6 of article 1 of the constitution of the state, relating to "rights and privileges," which application was denied. *Held*, that the seizure did not violate the provisions of article 1, paragraph 6 of the constitution.

On error to the Supreme Court.

For the plaintiff in error, *Wilbur A. Heisley.*

For the defendant in error, *Frederick F. Guild.*

The opinion of the court was delivered by

BERGEN, J.	The defendant was convicted by the judgment of the Court of Quarter Sessions of the county of Essex of the crime of keeping a disorderly house, and 'on his appeal to the Supreme Court that judgment was affirmed, from which defendant appealed to this court.

Several reasons have been assigned for reversal of the judgment, one alone of which we deem it necessary to deal with, and that because of the earnestness with which it was pressed on the argument. As to all of the other assignments of error, we adopt the opinion of the Supreme Court and concur in the result. The alleged error, which we conceive is entitled to a fuller expression of opinion than that delivered for the Supreme Court, relates to the refusal of the trial court to direct the prosecutor of the pleas, representing the state, to return to the defendant, in accordance with the prayer of a petition presented by him for that purpose, a register of the guests at his hotel containing an entry of their respective names, and the rooms assigned to each for occupation, and also a cash-book showing receipts of payments made for such use. The petition recited that by virtue of an ordinary warrant for the arrest of the petitioner and others, an officer of the state forcibly entered the defendant's house as "described in the indictment," and seized and took away defendant's hotel register and cash-book, which were then in the hands of the prosecutor of the pleas, and prayed that they be returned to him. The house "described in the indictment" was "a certain common, ill-governed and disorderly house," and therefore the petition admitted that it was a house of that character. No testimony was taken in support of the petition, but the prosecutor of the pleas admitted that the officer who took the books did not have a search warrant, and that the only process he held was a warrant for the apprehension of the defendant and other persons named therein; that the defendant was the keeper of a hotel or public house and was arrested in the office of his hotel; that the books seized were openly displayed on the counter of the hotel near where the defendant was arrested

and within his control, although not actually on his person. From the admitted facts, the trial court found that the books were properly seized, being openly displayed in the public house where the crime was committed, and under the custody and control of the defendant at the time of his arrest, and thereupon denied the application; to this refusal an exception was taken and error assigned thereon. There was no proof of forcible entry, the place being an open room to which the public resorted by defendant's permission. The case had been once tried and this application was made within three days of the date set for the second trial, and the consideration of the petition was had by court and counsel upon the facts known by them without further proof. The gravamen of the offence charged was the keeping of a house to which, by defendant's procurement, men and women of evil name and fame resorted for unlawful purposes, one of them being the renting and occupation of rooms for the purpose of illicit intercourse, and the books seized were important and admissible evidence, not only of the disorderly conduct of the inmates but of defendant's knowledge of the purpose for which they frequented his house, and for which rooms were assigned to them.

The error claimed is that the taking of the books violated the constitutional prohibition contained in paragraph 6, article 1, concerning "rights and privileges," in the constitution of our state, which reads: "(6) The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the papers and things to be seized."

The constitution of the United States contains a prohibition against unreasonable searches and seizures in the same words found in our constitution, and in *Boyd* v. *United States,* 116 *U. S.* 616, the court held that a statute which required the defendant, upon an order of the court, to produce an invoice, which when produced was to be offered in

evidence against the defendant, was unconstitutional, because it required the defendant to produce evidence against himself. Mr. Justice Bradley, who wrote that opinion, put it upon the ground that it was equivalent to search and seizure, and that as such a search was within the meaning of the term unreasonable, the production by the defendant of incriminating evidence could not be accomplished indirectly by such an order or by the use of a subpœna *duces tecum*.

The question decided was that a statute relating to proceedings, other than criminal, under one of the revenue laws of the United States which required the defendant upon notice to produce any book, invoice, or paper belonging to, or under his control, tending to prove allegations made by the government, and its use for that purpose was in violation of the constitutional prohibition against unreasonable searches and seizures, as it compelled the defendant to produce evidence against himself. There was no question of unreasonable search or seizure present in the case, and the real point decided was that such a statute was in violation of the fifth amendment of the federal constitution, which declares that no person "shall be compelled, in any criminal case, to be a witness against himself," and, therefore, so much of the very interesting opinion of Mr. Justice Bradley as expresses his views concerning unreasonable search and seizure is *obiter,* and the doctrine expressed by him is criticised by Prof. Wigmore in his book on Evidence, volume 4, section 2264, as "the seeds of a dangerous heresy." In a concurring opinion by Mr. Justice Miller, adopted by Chief Justice Waite, it is held that the statute under consideration did not authorize any unreasonable search or seizure, and the views expressed by Mr. Justice Bradley on that question were not approved. It is quite apparent from the record that no such question was presented for decision, nor is the reasoning applicable to the case now under consideration because the books taken were openly displayed and no search, reasonable or unreasonable, was necessary, or made. The case upon which the defendant most strongly relies is *Weeks*

v. *United States,* 232 *U. S.* 383.   In that case the United
States marshal, in the absence of the defendant, broke open
the door of his home, without warrant of any sort, and seized
certain private books and papers which it was proposed to
offer in evidence.  Application was made to the court, as in
this case, for their return, and an order was made directing
the return of such as were not pertinent to the charge against
the defendant, but denied as to those which were.   Upon
review of this question, the court held that in refusing to
restore the papers, and in permitting their use upon the trial,
a prejudicial error was committed, and the judgment was
reversed.   The opinion read by Mr. Justice Day is in part
as follows:  "It was not an assertion of the right on the part
of the government to search the person of the accused, when
legally arrested, to discover or seize the fruits or evidence
of the crime.  *  *  *  Nor is it the case of burglar's tools
or other proofs of guilt found upon his arrest within the
control of the accused."   It will be observed that the court
eliminated "proofs of guilt found upon his arrest within the
control of the accused" from the prohibition against unrea-
sonable search and seizure.   The right which the constitution
protects is freedom from unreasonable searches and seizures.
In the present case the trial court found that the books were
in the office of the hotel, the premises which were alleged to
be disorderly, and were under the control of the accused.
They were convenient instruments used in perpetrating the
crime of keeping a disorderly house of the nature alleged,
and were, apparently, open to the inspection of anyone in
the public office of the hotel, the very room in which the
defendant was when arrested, and in our opinion the trial
court rightly held that these books were "proofs of guilt
found upon his arrest within the control of the accused" as
much so as if they were burglar's tools placed there by the
defendant, and under the ruling in the case of *United States*
v. *Weeks, supra,* they were not within the privilege estab-
lished by the paragraph of our constitution above mentioned.
These books were in actual use as a means of carrying on
the unlawful business, and were as much in defendant's

possession and under his control when arrested as if he had them under his arm and dropped them to the floor. It is not a case where papers were secreted and intended to be kept private, nor of requiring the production of papers of like character, but rather the taking of evidence of a crime then being committed, in the commission of which the books were a useful element. There was no unreasonable search and seizure of incriminating evidence within the constitutional prohibition.

The judgment of the Supreme Court will be affirmed.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.   13.

*For reversal*—None.