THE STATE OF CONNECTICUT *vs.* VINCENZO MAGNANO.

First Judicial District, Hartford, May Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

Police officers, while on duty at a fire on defendant's premises, acci-
dentally found apparatus for distilling liquor which had apparently
been in recent operation, also barrels and bottles containing liquors
and mash.  They removed these to the police station and arrested
the accused, who was afterward tried and convicted for keeping
spirituous and intoxicating liquor for sale without a license.  *Held*
that in the discovery and detention of these articles no con-
stitutional right of the accused to be free from unreasonable
searches or seizures (Const. of Conn., Art. I, § 8; Const. of the
U. S., Fourth Amend.) had been violated, nor had their subsequent
use as evidence infringed the constitutional guaranty that one
accused of crime shall not be compelled to testify against himself
(Const. of Conn., Art. I, § 9; Const. of the U. S., Fifth Amend.);
that under the circumstances of this case no search warrant was
necessary to make the entry lawful, while the seizure itself was not
unreasonable; and that the articles found tended to prove that
the liquor was kept with intent to sell.
When one is engaged in the violation of a law of the State in the pres-
ence of the police, it becomes their duty not only to arrest him,
but to seize anything he is then using to commit the offense and
which may furnish evidence of his guilt.
The Fourth and Fifth Amendments to the Constitution of the United
States apply only to Federal officers and courts.
As a general rule, respected alike by State and Federal courts, public
officers will not be compelled to return to its owner any property
which is being held in good faith to be used as evidence in a trial
in any court.

Submitted on briefs May 3d—decided July 7th, 1922.

INFORMATION for keeping spirituous and intoxicat-
ing liquor with intent to sell the same without a li-
cense, brought to the Superior Court in Middlesex
County and tried to the jury before *Maltbie, J.;* ver-
dict and judgment of guilty, and appeal by the accused.
*No error.*

Before the trial the accused made a written petition

to the court for the return to him of certain articles of personal property which he alleged had been illegally seized by police officers of the City of Middletown while they were searching his house without warrant of any kind, and which the State intended to use in evidence, in violation of the Fourth and Fifth Amendments of the Constitution of the United States, and of § 8, Article I, of the Constitution of this State. This petition was denied.

Before the jury was impaneled, the accused made an oral motion for the same purpose, which was denied.

When these articles of property were offered in evidence, the accused objected to their admission on the same grounds, the objection was overruled, and they were put in evidence.

The accused assigns these rulings of the court as reasons of appeal.

*Daniel J. Donohoe,* for the appellant (the accused).

*Ernest A. Inglis,* State's Attorney, for the appellee (the State).

BURPEE, J. Two police officers of the City of Middletown, in response to a fire alarm, went to a house owned and occupied by the accused in that city, and after the city firemen had forced an entrance, they went with the firemen through the house and to a connecting shed from which the smoke of the fire was issuing. They stood by while the firemen extinguished the fire and then entered the shed with the accused. There they discovered apparatus for distilling liquor, which apparently had been recently in operation, and barrels and bottles containing mash and liquors. Thereupon the police officers arrested the accused and removed all the articles they had found to the police station,

against the objection of the accused. They had no warrant to search the place or to seize any property.

The accused claims that the Superior Court erred in refusing to grant his petition and motion that his property be returned to him because it was taken without a search warrant, and again erred in admitting in evidence the things thus taken because he was compelled in this way to give evidence against himself. He relies on §§ 8 and 9 of Article I of the Constitution of this State, and on the Fourth and Fifth Amendments of the Constitution of the United States.

It is apparent that when the police officers entered the premises of the accused it was not to make a search of any kind or to seize anything. Their entrance was not obtained by stealth, subterfuge or deception, or in the absence of the accused, or for any ulterior purpose. They were there only to perform their duty as peace officers, required by the common law of the State and by an ordinance of the City of Middletown to do all in their power to protect life and property and preserve the peace. After they had lawfully entered the shed, they discovered things which reasonably indicated that the accused was at that time violating a law of this State. It then became their duty not only to arrest the man who was committing a crime in their presence, but to seize anything he was then using to commit the offense and which might be made evidence of his guilt. *Smith* v. *Jerome*, 93 N. Y. Supp. 202. There is nothing in the admitted facts to indicate that this seizure was made with any unlawful violation of the accused's rights in his person, house or possessions, or that it deprived him of the protection of any constitutional guaranty. *Ely* v. *Bugbee*, 90 Conn. 584, 589, 98 Atl. 121; *State* v. *Mausert*, 88 N. J. L. 286, 95 Atl. 991; 5 Corpus Juris, 434; 35 Cyc. 1271. In the circumstances appearing in this case, no

search warrant was necessary to make the entry lawful; and the seizure was not unreasonable. The prohibition contained in § 8 of Article I of our State Constitution has no application to the conditions in this case.

The seizure and possession of these articles being lawful, they were unquestionably admissible in evidence. If possession had been obtained unlawfully, they would still have been admissible. They were not "papers" on which were written or printed words or statements which might be considered as the words or statements of the accused. It was his possession and use of the property which would be significant and might be incriminating. We have said that the 9th section of Article I of our State Constitution forbids any rule of court which would compel anyone accused of crime to give evidence against himself. *State* v. *Griswold,* 67 Conn. 290, 305, 34 Atl. 1046; *United States* v. *Wilson,* 163 Fed. Rep. 338, 343. But this section has no application to this case, because the acts of the police officers were not directed, nor is it sought to justify their conduct, by any rule of any court. *State* v. *Griswold, supra.* These articles were not obtained nor presented as evidence by force or effect of any rule of any court. Therefore this constitutional prohibition did not compel the court to exclude them from the evidence against the accused. *Cohn* v. *State,* 120 Tenn. 61, 109 S. W. 1149; 17 L. R. A. (N. S.) 451, 454; 35 Cyc. 1272; 3 Wigmore on Evidence, § 2264(2); L. R. A. 1915B, 834, note.

The Constitution of the United States and its amendments, and the cases concerning them which have been decided by the United States Supreme Court, and which the accused has relied on in his contention and brief, apply only to Federal officers and Federal courts. *Weeks* v. *United States,* 232 U. S. 383, 398, 34 Sup. Ct.

341; L. R. A. 1915B, 834, note; 12 Corpus Juris, 744; 13 A. L. R. 1159, 1168, note.

The accused further claims that the court erred in admitting these articles as evidence of intent to sell and exchange spirituous and intoxicating liquors. In the circumstances disclosed by the admitted facts, we think the still and the barrels and bottles of liquors reasonably tended to prove this element of the offense charged.

The petition to the Superior Court to order this personal property to be returned to the accused was a procedure not known in the practice of this State. It is authorized in Federal courts by statute. 40 U. S. Stats. at Large, p. 229, Title 11, Chap. 30, § 16. There is no similar statute in this State, and in our courts written or oral motions are adapted to every reasonable purpose. But our courts have followed the general rule almost universally respected in the courts of the United States, that public officers will not be compelled to return to its owner any property which is being held in good faith to be used as evidence in a trial in any court. 13 A. L. R. 1159, 1168, note; 5 Corpus Juris, 434; *Burdeau* v. *McDowell*, 256 U. S. 465, 41 Sup. Ct. 574.

There is no error.

In this opinion the other judges concurred.