PEOPLE *v.* HERBST.

INTOXICATING LIQUORS—ARREST WITHOUT WARRANT—SEARCH AND SEIZURE.

> In a prosecution for the unlawful possession of intoxicating liquors, evidence that the officers making the arrest had personal knowledge of facts sufficient to constitute reasonable grounds for belief that defendant had committed and was committing a felony, *held*, to justify his arrest without a warrant, and that the liquor taken from his person after his arrest was lawfully obtained and admissible in evidence.

Exceptions before judgment from Bay; Houghton (Samuel G.), J.    Submitted June 15, 1923.    (Docket No. 121.)    Decided July 19, 1923.

George Herbst was convicted of violating the liquor law.    Affirmed.

*Collins & Thompson,* for appellant.

*Frank C. Patterson,* Prosecuting Attorney, for the people.

MCDONALD, J.    The defendant was convicted in the circuit court for the county of Bay on a charge of having unlawfully in his possession two quarts of whisky.    The case is here on exceptions before sentence.

On the 21st day of February, 1923, the defendant brought two quarts of whisky to the Wenonah hotel in Bay City, Michigan, intending to deliver them to Joseph Groff, a bell boy, who had ordered them by telephone.    From some source, not shown by the record, two Federal prohibition officers, Shamp and

On liability of officer for making arrest for felony without a warrant, see notes in 51 L. R. A. (N. S.) 203; 42 L. R. A. (N. S.) 69; L. R. A. 1915B, 505.

Post, received information of the intended delivery of the liquor.   They went to the hotel, saw defendant and Groff coming up the stairway from the basement, heard Groff say, "Have you got the liquor?" and saw defendant nod his head in the affirmative.   Officer Shamp then stepped up and addressing the defendant asked if he had any whisky on him.   The defendant answered, "Yes," and turning to officer Post said, "Well, by God, you got me again."   Mr. Shamp then said, "Come down to the basement."   When they reached the basement, Shamp informed defendant that he was under arrest and asked him for the whisky.

"I told him I wanted the whisky he had on him, and he opened his overcoat, swung open his pockets, and I could see two bottles in either pocket of his coat; and I took them out and handed them to agent Post."

Before the jury was sworn defendant's counsel filed a motion that the cause be dismissed and the liquor restored to the defendant for the reason that it was unlawfully obtained without process, contrary to the provisions of the Constitution with reference to search and seizure.   This motion was denied and the trial proceeded.   The liquor was received in evidence over defendant's objection.   At the close of the proofs counsel renewed his motion.   It was again denied.

The refusal of the court to grant this motion is the only question presented by the record.   In this the court was not in error.   The whisky was lawfully obtained and was properly received in evidence against the defendant.   There is evidence that the officer had personal knowledge of facts sufficient to constitute reasonable ground to believe that the defendant had committed, and was in the act of committing, a felony. In such circumstances the arrest without a warrant was lawful.   Having lawfully placed him under arrest, it was within the power and was the duty of the officer

to search the defendant and take possession of any incriminating evidence.    As the arrest was lawful and the whisky was not taken from defendant's pockets until after the arrest, it must be held to have been lawfully obtained.

In *People* v. *Chyc*, 219 Mich. 273, this court quoted with approval the following language from *Smith* v. *Jerome*, 93 N. Y. Supp. 202:

"The police have the power and it is also their duty to search the person of one lawfully arrested, and also the room or place in which he is arrested, and also any other place to which they can get lawful access, for articles that may be used in evidence to prove the charge on which he is arrested."

See, also, *People* v. *Decesare*, 220 Mich. 417, and section 31 of Act No. 53, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 7079 [31]).

The conviction is affirmed.    The circuit court will proceed to judgment.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.