## Commonwealth v. Brown

E. Le Roy Keen, assistant district attorney, for Commonwealth.
Caldwell, Fox & Stoner, for defendant.

Fox, J., October 24, 1932.—This matter comes before us upon a rule granted upon the district attorney to show cause why evidence illegally obtained should not be suppressed and never used against the petitioner.

Depositions were taken, and that made by the defendant shows that Officers Bryan and Shepley had a warrant to arrest a man by the name of McLaurin and had reason to believe that he was in the house of the defendant, at No. 1231 Wallace Street, where they went; the defendant was at home when the officers arrived there and according to his own testimony was sitting on the steps and upon inquiry told the officers that he and his wife lived there. Officer Bryan told him that they had a warrant for the arrest of a man by the name of McLaurin and asked him to open the door, which the defendant refused to do, but upon the third request to open the door he did so and the officers entered; he also opened the back door and other officers entered there; Officer Bryan,

against the objection of the defendant, went upstairs to search for the person mentioned in the warrant.

Officer Bryan in substance testified that he showed the warrant for the arrest of McLaurin to the defendant and then went upstairs to search for the person mentioned in the warrant, and when so doing found the still and liquor, the still being in operation and there being approximately 23 gallons of liquor. Thereupon a warrant was procured by the officer for the arrest of the defendant; the officer went back to the house and arrested the defendant and seized the evidence which we are now asked to suppress.

The officers were admitted to the house by the defendant and were lawfully searching for the person, McLaurin, for whom they had a warrant of arrest, and incidentally Officer Bryan discovered the still in operation and the liquor.

In the case of Com. v. Kekic, 26 Dauph. Co. Reps. 148, this court said, quoting from Wharton, Criminal Law: "The better view however is that the right to apprehend for an offense committed in the officer's presence is limited to felonies, breaches of the peace and to such misdemeanors as cannot be stopped or redressed except by immediate apprehension."

Officer Bryan acted in accordance with this rule in not making an immediate arrest of the defendant, but first obtained a warrant therefor and then made it.

In the case of Com. v. Farridy, 34 Dauph. Co. Reps. 297, 301, in which the officer, seeing a violation of the law, procured a warrant and made the arrest of the defendant, we said that the officers "acted in a lawful manner in the seizure of the evidence of the violation of the law which they saw." And further along we quoted from the case of State of Connecticut v. Magnano, 97 Conn. 543, 545, 117 Atl. 550, which we here repeat:

"It is apparent that when the police officers entered the premises of the accused it was not to make a search of any kind or to seize anything. Their entrance was not obtained by stealth, subterfuge or deception, or in the absence of the accused, or for any ulterior purpose. They were there only to perform their duty as peace officers, required by the common law of the State and by an ordinance of the City of Middletown to do all in their power to protect life and property and preserve the peace. After they had lawfully entered the shed, they discovered things which reasonably indicated that the accused was at that time violating a law of this State. It then became their duty not only to arrest the man who was committing a crime in their presence, but to seize anything he was then using to commit the offense and which might be made evidence of his guilt. Smith v. Jerome, [47 Misc. Rep. 22;] 93 N. Y. Supp. 202. There is nothing in the admitted facts to indicate that this seizure was made with any unlawful violation of the accused's rights in his person, house or possessions, or that it deprived him of the protection of any constitutional guaranty. Ely v. Bugbee, 90 Conn. 584, 589, 98 Atl. 121 [L. R. A. 1916F, 910]; State v. Mausert, 88 N. J. L. 286, 95 Atl. 991 [L. R. A. 1916C, 1014]; 5 Corpus Juris, 434; 35 Cyc. 1271. In the circumstances appearing in this case, no search warrant was necessary to make the entry lawful; and the seizure was not unreasonable. The prohibition contained in § 8 of Article I of our State Constitution has no application to the conditions in this case."

In the case of Com. v. Dabbierio, 290 Pa. 174, the question was: "Was defendant deprived of the right given him by article I, section 9 of the Constitution of the State, by the admission in evidence of the intoxicating liquors, for the illegal possession of which he was indicted, in view of the fact, as he alleges, that the Commonwealth obtained possession of them through a search warrant which was wrongfully issued and served?", and at page 179 the court said: "It follows that, since the constitutional provision under consideration did not

forbid the admission in evidence of the liquors, though taken under a search warrant wrongfully issued and served, and no other constitutional provision had any bearing on the subject, appellant's constitutional rights were not infringed by their receipt in evidence, and the only point on which the appeal was allowed must be decided against him." And on page 180 it quoted with approval what the Supreme Court of the United States said, inter alia, in the case of McGuire v. United States, 273 U. S. 95, 99: "The use by prosecuting officers of evidence illegally acquired by others does not necessarily violate the Constitution nor affect its admissibility."

Wherefore we are of the opinion that Officer Bryan while in the performance of his legal duty saw the liquor and the still and had the right to seize the evidence of the violation.

And now, October 24, 1932, upon due consideration, it is hereby ordered and adjudged that the rule be discharged, at the cost of the defendant.

From Homer L. Kreider, Harrisburg, Pa.