STATE OF CONNECTICUT *vs.* MONTY CAROL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 6th—decided December 3d, 1935.

*Sydney P. Simons,* with whom, on the brief, was *Henry Greenstein,* for the appellant (defendant).

*Richard S. Swain,* Prosecuting Attorney, for the appellee (the State).

MALTBIE, C. J.   The defendant was informed against for keeping intoxicating liquor with intent to sell, without having a lawful permit to do so.   He pleaded not guilty and elected to be tried by the jury.   Just before the jury were impaneled his counsel stated to the court that in arresting the defendant the officers, without a warrant, violently broke into his home and unlawfully seized alcoholic liquor and other implements, and claimed that in so doing they violated §§ 8 and 9 of Article First of the Constitution of this State and § 1 of Article 14 of the Constitution of the United States.   He orally moved that the articles seized be returned to the accused.   The court denied the motion with permission to counsel to renew it after the evidence was in and the court was in possession of the facts.   When in the course of the trial the articles referred to were offered in evidence, the defendant objected upon the grounds he had stated as the basis of his oral motion, but the court overruled the objection. At the conclusion of the evidence offered by the State, the defendant moved to strike out these articles as evidence against him, but this motion was denied.   The defendant took an exception to each of these adverse rulings.   A verdict of guilty having been returned, he also made a motion to set it aside as against the evidence, and seeks to present the same claims in support of his appeal from the denial of that motion.

In *State* v. *Griswold,* 67 Conn. 290, 34 Atl. 1046, this

court stated, two judges dissenting, that the fact that certain articles tending to indicate the guilt of the accused had been secured by trespass would not be a sufficient ground to exclude them when offered in evidence. In *State* v. *Magnano,* 97 Conn. 543, 546, 117 Atl. 550, this ruling was repeated. In *State* v. *Reynolds,* 101 Conn. 224, 125 Atl. 636, we re-examined the question, giving to it the most careful consideration, and reaffirmed the conclusion reached in the two previous cases. The decisions we have cited determine the law of this State to be that articles offered in evidence, which are relevant to the issue of the guilt or innocence of an accused person, will not be excluded because they may have been seized in violation of the provision in our Constitution forbidding unreasonable searches and seizures; and of course the provisions in the Bill of Rights attached to the United States Constitution have their operation only upon the powers delegated to the Federal government and are ineffective as regards the powers of the individual States. *Pickett, Prosecuting Attorney,* v. *Marcucci's Liquors,* 112 Conn. 169, 173, 151 Atl. 526.

It is true that in the present case the defendant moved to have the articles returned before the jury had been impaneled to hear the evidence, and the trial court having refused to grant the motion at the time, with permission to him to renew it, he moved at the conclusion of the evidence offered by the State that the articles be struck out as evidence against him. The reasoning in *State* v. *Reyonlds,* supra, is as applicable to a motion made at the beginning of the trial for the return of articles claimed to have been unlawfully seized and to a motion to strike them out as evidence after the State has presented its case, as it is to an objection to them when offered in evidence. In *State* v. *Magnano,* supra, the defendant, before trial,

filed a written petition for the return to him of the articles he claimed to have been illegally seized, and before the jury were impaneled made an oral motion for the same purpose, but we applied to that situation the rule stated in *State* v. *Griswold,* supra. We said: "The petition to the Superior Court to order this personal property to be returned to the accused was a procedure not known in the practice of this State. It is authorized in Federal courts by statute. 40 U. S. Stats. at Large, p. 229, Title 11, Chap. 30, § 16. There is no similar statute in this State, and in our courts written or oral motions are adapted to every reasonable purpose. But our courts have followed the general rule almost universally respected in the courts of the United States, that public officers will not be compelled to return to its owner any property which is being held in good faith to be used as evidence in a trial in any court." See also *Bruchal* v. *Smith,* 109 Conn. 316, 319, 146 Atl. 491. These principles would be applicable to a search and seizure, unlawful, as the defendant claims to have been the case here, because it was impliedly forbidden by the statute which at the time of the commission of the offense provided, as it now provides, that a police officer may, without warrant, arrest any person whom he finds in the act of illegally manufacturing or selling alcoholic liquor, and seize the liquor for sale or implements of manufacture for sale in the possession of such person and detain them in some place of safe-keeping until a warrant can be procured for the arrest of such person and the seizure of such vessels or implements under the provisions of the statute. General Statutes, Cum. Sup. 1933, § 745b, Cum. Sup. 1935, § 1095c.

There is no error.

In this opinion the other judges concurred.