STATE OF CONNECTICUT *v.* LEWIS HILL

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 25029

Memorandum filed October 3, 1962

*John D. LaBelle,* state's attorney, for the state.

*James Cosgrove,* public defender, of Hartford, for the defendant.

MacDonald, J.   The defendant, after a plea of not guilty to an information charging him with the crime of possessing narcotic drugs in violation of § 19-246 of the General Statutes, elected trial by a jury of twelve and in advance of assignment for trial filed a motion to suppress certain evidence claimed to have been illegally obtained by search and seizure in violation of the constitution of the United States. The sole question for determination is whether or not, under our procedure, such a motion can be properly made and entertained by the court at this time.

No motion of the type under consideration has been provided for under our Practice Book or General Statutes, nor has it been recognized under our common law. In *State* v. *Magnano,* 97 Conn. 543, our Supreme Court, in sustaining the denial of a motion before trial for the return to an accused of certain articles alleged to have been illegally seized, stated (p. 547): "The petition to the Superior Court to order this personal property to be returned to the accused was a procedure not known in the practice of this State. It is authorized in Federal courts by statute. 40 U.S. Stats. at Large, p. 229, Title 11, Chap. 30, § 16. There is no similar statute in this State, and in our courts written or oral motions are adapted to every reasonable purpose." The federal rules of practice, at the time of the *Magnano* decision as well as at the present time, specifically provided for a motion for return and to suppress to be made in advance of trial, and it was this specific motion that our Supreme Court characterized as "a procedure not known in the practice of this State." This position has not been altered and, indeed, was reaffirmed in *State* v. *Carol,* 120 Conn. 573, although the opinion in that case did hint at the possibility of a motion of this type in advance of trial by stating (p. 575): "The reason-

ing in *State* v. *Reynolds* [101 Conn. 224] . . . is as applicable to a motion made at the beginning of the trial for the return of articles claimed to have been unlawfully seized and to a motion to strike them out as evidence after the State has presented its case, as it is to an objection to them when offered in evidence."

In a recent decision by our Circuit Court, *State* v. *Trumbull*, 23 Conn. Sup. 41, 50 (7th Cir. 1961), the *Magnano* and *Carol* cases, supra, were cited as authority for denying, in advance of trial, the portion of the defendant's motion which sought the return of the articles seized. The court in the *Trumbull* case, however, granted the portion of the motion which sought to suppress their use at the trial as evidence. It would seem that under the reasoning of our Supreme Court in the *Magnano* and *Carol* cases, as well as by analogy to the federal rule referred to in those cases, motions to suppress and return, made in advance of trial, must stand or fall together. The federal rule in question, now Rule 41 (e) of the federal rules of criminal procedure, specifically provides: "A person aggrieved by an unlawful search and seizure may move the . . . court . . . for the return of the property and to suppress for use as evidence anything so obtained . . . ." It further specifically provides: "The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing."

It is, of course, the rule of procedure quoted above that is the basis for the many federal court decisions cited by counsel in support of motions of this type and by those writers who urge that *Mapp* v. *Ohio*, 367 U.S. 643 (1961), is a mandate by the Supreme Court of the United States not only

that "all evidence obtained by searches and seizures in violation of the Constitution is . . . inadmissible in a state court," as expressly held in that case (p. 655), but also that the accused, when presented in a state court, must have at his disposal all the procedural safeguards available in the federal courts. Such a view is not in accord with the statement by Chief Justice Hughes in *Brown* v. *Mississippi*, 297 U.S. 278, 285, to the effect that "[t]he State is free to regulate the procedure of its courts in accordance with its own conceptions of policy, unless in so doing it 'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.' " Interestingly enough, the *Brown* case involved the sovereign state of Mississippi, whose conceptions of policy, in recent days, might well be considered as offending some fundamental principles of justice. But Connecticut is not Mississippi, and the failure of our established rules of procedure to provide for a motion to suppress in advance of trial does not violate or interfere with the right of an accused to prevent the admission of the evidence in question at his trial if the court decides, as a matter of law, or the jury decides, as a matter of fact, that such evidence was illegally obtained.

It has been urged by counsel for the accused as a reason for testing the admissibility of evidence in advance of trial that the court should not interrupt the actual trial to pass upon a collateral issue involving the claimed illegal procurement of evidence; but, as pointed out in a recent decision on this question by the Appellate Division of the Circuit Court, "[s]uch inquiry . . . cannot be called collateral, any more than the determination of the voluntariness of a confession offered in evidence against the accused can be called collateral; and undeniably such latter offer cannot be anticipated

by a test of a confession dehors the trial on the issue of guilt or innocence." *State* v. *Davis,* 24 Conn. Sup. 22, 26. In that case, the Appellate Division sustained the action of the trial court in overruling a preliminary motion to suppress evidence on the ground that, "neither expressly nor by implication can the motion to suppress evidence be regarded as in accord with our established procedure." Id., 25. This court is in accord with the view therein expressed.

The motion to suppress is denied on the ground that, in the language of our Supreme Court in *State* v. *Magnano,* 97 Conn. 543, 547, the entertaining of such a motion before trial is "a procedure not known in the practice of this State."