STATE OF CONNECTICUT *v.* CHARLES DELORME

CIRCUIT COURT  TWELFTH CIRCUIT
FILE No. CR 12-4048

Memorandum filed May 17, 1963

*Eugene T. Kelly,* prosecuting attorney, for the state.

*F. Timothy McNamara,* of Hartford, for the defendant.

Kosicki, J.   The defendant was prosecuted on a charge of dispensing alcoholic liquor after hours in violation of § 30-91 of the General Statutes.   He filed a motion to suppress evidence and to return the property seized, on the ground that it had been seized in violation of the federal and state constitutions.   The motion was denied on the authority of such cases as *State* v. *Davis,* 24 Conn. Sup. 22, and *State* v. *Hill,* 24 Conn. Sup. 36.[1]   This did not bar the defendant from objecting to the introduction of such evidence on trial.   *State* v. *Collins,* 150 Conn. 488, 489.

After a trial to the court, the following facts are found.   The defendant is a permittee under a club permit for premises occupied by a lodge of the International Association of Machinists at 357 Main Street, East Hartford. At about 1:20 a.m. on Sunday morning, March 10, 1963, John Scripture, an officer

---

[1] By a recent enactment, such a motion to suppress evidence is now authorized.   Public Acts 1963, No. 652, § 7.

of the East Hartford police department, was on duty in the vicinity of the I.A.M. building. The permit premises are located in the basement or lower story of the building. The building faces on Main Street, but the access to the permit premises is at the west end or the rear of the building. The area to the rear of the building is devoted to parking, with the entrance drive along the north side of the building and the exit on the south side. The service bar is located in the southwest corner of the permit premises and over it is a window extending from an areaway to a height of four and a half feet above ground. Looking through this window, Scripture saw a woman walk from behind the bar holding, in her left hand, two glasses containing a liquid; she set the glasses on a table at which three men were sitting. Earlier, the officer had observed people sitting at tables and drinking from glasses which were on the tables.

The officer and Sergeant Leone then went to the door and knocked. The defendant opened the door and identified himself as the bartender. Sergeant Leone announced they were the police and entered the premises. One of the men inside removed two glasses from the table and placed them under it. Another removed them and a third glass and, concealing them under his coat, started toward the bar. Scripture took the glasses from him and they were taken to headquarters, sealed and turned over to the state toxicologist for chemical examination. The contents were shown to be 8.4 percent, 7.2 percent and 8.5 percent alcohol, respectively.

On the above facts, over which there is no dispute, there would appear to be a plain violation of § 30-91 in that on Sunday after 1 a.m. there were the dispensing, the consumption and the presence in glasses suitable to permit the consumption of liquor

by an individual of alcoholic liquor in a place operating under a club permit. The defendant contends, however, that the evidence was illegally seized because the officers had neither a search nor an arrest warrant and therefore the search and seizure were invalid as being in violation of the rights of the defendant under amendments four and fourteen, § 1, of the federal constitution and article first, § 8, of the constitution of Connecticut. If the search and seizure were in fact an unreasonable invasion of the defendant's constitutional rights, the evidence is inadmissible; without it, no conviction could be sustained. See *State* v. *Collins,* supra, 492.

"It is well settled that a search and seizure may lawfully be made without a warrant when it is incident to a legal arrest; that such arrest is accompanied by the right to search the person of the one arrested and the things and premises within his immediate control; that the house of one arrested may be searched as an incident to a lawful arrest therein; that whatever is found in consequence of such search may be lawfully seized if it is connected with the crime for which the arrest was made, including the fruits of the crime, the means instrumental or susceptible to its commission, weapons by which the person arrested might effect his escape, and also property which is unlawfully in the possession of the accused. A general or exploratory search, whether with or without warrant, for the purpose of establishing that a crime is being or has been committed is constitutionally condemned. See *Harris* v. *United States,* 331 U.S. 145, 153; *United States* v. *Rabinowitz,* 339 U.S. 56, 63; *Abel* v. *United States,* 362 U.S. 217, 225, 234, 238-41; *Marron* v. *United States,* 275 U.S. 192, 198 & note, 72 L. Ed. 231, 238; *State* v. *DelVecchio,* 149 Conn. 567; notes, 94 L. Ed. 671, 4 L. Ed. 2d 1982, 51 A.L.R. 424, 436, 74 A.L.R. 1387, 82 A.L.R. 782; 47 Am. Jur. 515, § 19 & Ann.

Cum. Sup." *State* v. *Davis,* 24 Conn. Sup. 22, 33. "A legal search made as an incident to a valid arrest may not be struck down as violative of the fourth amendment merely because the officers who conducted the search had time to, but did not, obtain a search warrant. *United States* v. *Rabinowitz,* supra, 65." Id., 35. "The Fourth Amendment has never been held to require that every valid search and seizure be effected under the authority of a search warrant. Search and seizure incident to lawful arrest is a practice of ancient origin and has long been an integral part of the law-enforcement procedures of the United States and of the individual states." *Harris* v. *United States,* 331 U.S. 145, 150. "An arrest for a misdemeanor [as in this case] can be made by the peace officers named in § 6-49 [of the General Statutes] without previous complaint and warrant when the person arrested 'is taken or apprehended in the act or on the speedy information of others.' " *State* v. *DelVecchio,* 149 Conn. 567, 574. "The essential feature of an arrest of one 'taken or apprehended in the act,' which distinguishes arrests so made from other arrests under § 6-49 without previous complaint and warrant, is that one or more of the acts constituting the crime must have occurred in the presence of the officer. An accused is lawfully 'taken or apprehended in the act' if the circumstances observed by the officer preceding the arrest, viewed in the light of common knowledge and his own training and experience, gave him probable cause to believe that a crime was being, or had just been, committed." Id., 575. "A properly conducted search incidental to a lawful arrest is not illegal even though it is made without a warrant." *State* v. *Collins,* 150 Conn. 488, 492.

In the case before the court, Scripture had observed through the window over the bar acts which gave him probable cause to believe that a

crime was being committed. The nature of the premises, the carrying of glasses from the bar to the table, the presence of glasses on tables with people sitting around the tables, on the day and time in question, gave the officers reasonable cause to demand entry for the purpose of arrest and the seizure of the glasses and liquids connected with the crime for which the arrest was being made. It was not essential that the police be first certain of the contents of the glasses before making the arrest and search. This case is distinguishable from the *Collins* case, supra, in which the arresting officers had no reasonable grounds on which to make the arrest and the evidence found as a result of a subsequent search and seizure could not validate the arrest in order to make the things seized admissible. Here, the officers observed acts which reasonably appeared to constitute a violation of the law. The evidence seized was only confirmatory of the commission of the acts observed.

The defendant is found guilty.