[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The Defendant has filed a Motion, pro Se, for the return of his automobile, a 1988 Acura Integra. The Motion has since been raised orally on behalf of the Defendant through his counsel. The position of the Defendant is that the automobile was seized erroneously and is not connected to the crimes with which he is charged, i.e., robbery, larceny and conspiracy. Neither party has presented any evidence or testimony on this issue.
Conn. Gen. Stat. § 54-36a governs the procedures involving the inventory, return and disposition of seized property. The section provides, in pertinent part, that:
. . . The court shall order the return of the property within thirty days of the date of filing such return request by the owner, except that for good cause shown, the court may order retention of the property for a period to be determined by the court. Any secondary evidence of identity, description or value of such property shall be admissable in evidence against such defendant in the trial of such case. The fact that the evidence is secondary in nature may be shown to affect the weight of such evidence, but not affect its admissibility . . . (emphasis added)
In addition to the statute, the Court also has inherent power to direct that property be returned to its owner when it is no longer required for the purposes of justice, Bruchal v. Smith, 109 Conn. 316, 321 (1929) or when it is being held in good faith by public officers to be used as evidence at trial. The State v. Carol, 120 Conn. 573, 576 (1935).
In that no evidence has been presented by either party on this matter, CT Page 15419 the Court only has before it the affidavits in support of a search warrant issued and the affidavit submitted in support of the Defendant's arrest. In both affidavits, it is alleged that possible evidence connected with the crime was seen in and was ultimately seized from the vehicle. In addition, a bloodlike substance was seen on and seized from the floor mats and the driver's seat of the vehicle.
Absent any evidence showing that the vehicle is no longer required for the purposes of this matter or is no longer being held for the use as evidence in this matter, good cause is found to deny, without prejudice, the return of the vehicle at this time until sufficient evidence on this issue is presented.
The Court
By Grogins, J.