HERMAN MENT ET AL. *v.* HOWARD S. IVES, HIGHWAY COMMISSIONER

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 130838
AT BRIDGEPORT

Memorandum filed October 27, 1967

*Slavitt & Connery,* of Norwalk, for the plaintiffs.

*Harold M. Mulvey,* attorney general, and *Milton H. Richman,* assistant attorney general, for the defendant.

TEDESCO, J.   This action involves an appeal to the Superior Court from the assessment of damages by the highway commissioner resulting from the acquisition of the property of the plaintiffs for the construction of route 25.   On August 14, 1967, the highway commissioner, pursuant to § 13a-73 (b) of the General Statutes, filed with the clerk of the Superior Court a certificate of condemnation condemning all right, title and interest of the plaintiffs to property described therein.   The plaintiffs appealed from the assessment of damages by the highway commissioner.

On September 20, 1967, the plaintiffs filed a motion for disclosure and production, pursuant to §§ 168 et seq. of the Practice Book.   The defendant filed a timely objection, attacking the entire motion for disclosure and production.

The motion for disclosure is a sweeping motion which requests reports of "All Appraisers, Opinions of Value and Governor's Screening Committee." The defendant objects to the disclosure on the basis that the disclosures are (1) not material to the plaintiffs' cause of action; (2) a fishing expedition; and (3) seek "opinions and not facts"; and that

(4) the highway condemnation appeal is not a "civil action" contemplated by §§ 167 and 168 of the Practice Book.

At this stage of the proceeding, this case has not been referred to a referee, so that the amended § 352 of the Practice Book is not effective, since the matter has not been referred. Section 352 comes into effect "[i]n making a reference." However, § 352 does allow an exchange of "copies of . . . appraisal reports," so that the objections as to materiality, fishing expedition, and seeking "opinions and not facts" have been taken care of by rule of the courts. The court herein will note the policy of the courts and rule out the first three objections of the defendant. The court also takes the position that in making a reference it is mandatory to fix the date for the exchange of copies of the appraisals. Even though § 352 is not applicable, the court takes into consideration the spirit of the rule passed by the judiciary.

This leaves the objection that an appeal is not a civil action as contemplated in §§ 167 and 168 of the Practice Book. The defendant cites the following as authority for this objection: "But a condemnation proceeding is not a civil action, nor a civil process within the meaning of the statutes relating to civil process. It is a special proceeding to determine in a single action the damages done by the taking." *New Haven Water Co.* v. *Russell,* 86 Conn. 361, 365. The *New Haven Water Co.,* case is directly concerned with service of process. A plea in abatement was filed for the reason that "the application was not accompanied by a summons"; id., 363; so that the case must be read in reference to "civil process." It is well to note that the court said that "a condemnation proceeding is not a civil action, nor a civil process within the meaning of the *statutes relating to civil process.*" (Italics sup-

plied.) It is to be deduced, therefore, that eminent domain is not a civil action when related to civil process, and there is no question that this is true, because § 13a-73 (b) of the General Statutes points out the manner in which a condemnation proceeding is commenced. The manner in which a condemnation action is commenced is a sharp departure from the manner in which our ordinary actions are commenced. In a condemnation action, the assessment shall be filed by the commissioner with the clerk of the Superior Court and also with the town clerk of the town wherein the land is located.

When the matter is entered upon the docket of the Superior Court and an appeal is taken by the landowner, there is no question that the review is judicial. *New York, N.H. & H.R. Co.* v. *Long,* 69 Conn. 424.

Distinction must be made between the taking of the property and the determination of just compensation. Where the taking is for public use, the due process clause of the fourteenth amendment does not require the necessity and expediency that the taking be determined upon notice and hearing. With respect to compensation for the taking, however, due process requires that the owner be given reasonable notice and an opportunity to be heard. Due process does not require that notice be given at the initial stage of the proceedings, it being sufficient if the owner be given notice and then a hearing at some stage at which he can still protect his rights. The matter of compensation is subject to an appeal to a court, carrying out the right to have the matter determined on a jury trial. *Bragg* v. *Weaver,* 251 U.S. 57; *Bailey* v. *Anderson,* 326 U.S. 203; note, 89 A.L.R.2d 1404. The taking is a legislative question, and no hearing is necessary, but it is essential to due process that in determining compensation the owner be given an opportunity to

be heard at a full trial. *Bragg* v. *Weaver,* supra; 27 Am. Jur. 2d, Eminent Domain, §§ 399, 406; *Monongahela Navigation Co.* v. *United States,* 148 U.S. 312, 327.

"The landowner is not entitled as a matter of right to a jury trial, because the Constitution has not so required; but he is entitled to have an impartial tribunal, with the usual rights and privileges which attend judicial investigations. It is a suit at law." *New York, N.H. & H.R. Co.* v. *Long,* 69 Conn. 424, 437; *Antman* v. *Connecticut Light & Power Co.,* 117 Conn. 230, 237.

The court concludes that a condemnation proceeding is a civil action within the meaning of §§ 167 and 168 of the Practice Book.

The court orders that all appraisal reports which the parties will utilize at any hearing shall be exchanged and, in addition, the highway department will produce a copy of the "up-to-date" appraisal report.