HOUSING AUTHORITY OF THE CITY OF HARTFORD *v.*
VELMA BOYD

SUPERIOR COURT        HOUSING SESSION
JUDICIAL DISTRICT OF HARTFORD-      FILE NO. H-7904-01233-HD
NEW BRITAIN AT HARTFORD

Memorandum filed July 10, 1979

*Apter, Nahum & Lenge,* for the plaintiff.

*Rudolph P. Arnold,* for the defendant.

SPADA, J. This is an action in summary process wherein the plaintiff landlord seeks possession of the premises on the grounds of termination of lease. The defendant tenant filed a motion for disclosure and production requesting answers to eleven interrogatories and seeking the inspection of several contracts and leases alluded to in the complaint.

The issue raised appears to be one of first impression in this state. The defendant charges that discovery is available in a summary process action. The plaintiff contends that discovery is available only in civil actions and that a summary process action; General Statutes § 47a-23; does not fall within the purview of a civil action. The issue succinctly posed is whether discovery, by virtue of General Statutes § 52-197 and Practice Book, 1978, § 218, is available in summary process proceedings. The court answers in the affirmative.

General Statutes § 52-197[1] and Practice Book, 1978, § 218[2] are essentially similar. They provide for the disclosure of facts or for the production and inspection of documents material to the mover's cause of action "in any civil action." The issue pivots upon the meaning of "civil action." The court deems summary process to be a civil action.

[1] "[General Statutes] Sec. 52-197. MOTION FOR DISCLOSURE. RULES. In any civil action, the court, upon motion of either party, may order disclosure of facts or disclosure, production and inspection of papers, books or documents by any party thereto, material to the mover's cause of action or defense, and within the knowledge, possession or power of the adverse party. The judges of the supreme court shall make rules to effectuate the foregoing provisions."

[2] "[Practice Book] Sec. 218. [SCOPE OF DISCOVERY]—IN GENERAL. In any civil action, in any probate appeal, or in any administrative appeal where the court finds it reasonably probable that evidence outside the record will be required, a party may obtain in accordance with the provisions of this chapter discovery of information or disclosure, production and inspection of papers, books or documents material to the subject matter involved in the pending action, which are not privileged, whether the discovery or disclosure relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, and which are within the knowledge, possession or power of the party or person to whom the discovery is addressed. Discovery shall be permitted if the disclosure sought would be of assistance in the prosecution or defense of the action and if it can be provided by the disclosing party or person with substantially greater facility than it could otherwise be obtained by the party seeking disclosure. It shall not be ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

In a condemnation case, the highway commission argued that because such an action was not a "civil action" for purposes of process, it was not a "civil action" for purposes of discovery. The Superior Court in *Ment* v. *Ives,* 27 Conn. Sup. 239, rejected this argument, finding that condemnation proceedings were suits at law and that they fell within the meaning of "any civil action." See 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 138.

The Connecticut Supreme Court historically has placed a liberal interpretation upon the rules of discovery. In *Pottetti* v. *Clifford,* 146 Conn. 252, the court stated that it was "not presently disposed to place a technical construction" upon the rules of discovery. "[D]iscovery should be allowed in such other matters on the civil docket as paternity, zoning appeals, probate appeals, and the like, provided new evidence is admissible." Stephenson, op. cit., § 138, p. 575.

In *Susman* v. *Hamden Chronicle,* 17 Conn. Sup. 40, the defendant moved to dismiss the plaintiff's motion for disclosure on grounds that disclosure was limited to proving liability and not damages. The Superior Court, in denying the defendant's motion, held that the legislature did not intend a narrow application of discovery and allowed the use of discovery in connection with the determination of damages.

There is but one form of civil action in Connecticut and the first pleading shall be the complaint. General Statutes § 52-91. Summary process is encased in essentially the same form of mesne process as that required by statute. Interestingly, both counsel overlooked the significance of Practice Book, 1978, § 49, entitled "Mesne Process," which provides: "Mesne process in *civil actions* shall be a writ of summons or attachment . . . and shall be

accompanied by the plaintiff's complaint. . . . Except in those actions . . . indicated below, the writ of summons shall be on a form substantially in compliance with Form 503.1 (JD-FM-3) in family actions and with Form 103.1 (JD-CV-1) *in other civil actions.*" (Emphasis added.)

All of the summary process summonses returnable to the Housing Session of the Superior Court; General Statutes § 47a-68; are on the prescribed form, JD-CV-1. The plaintiff herein has also adopted that form for his mesne process. The special proceedings for which neither of the "civil action" forms are required are: application for name change, arbitration proceedings, probate appeals, administrative appeals, juvenile court appeals, paternity petitions, support orders, and any actions of replevy, attachment or garnishment.

The term "civil action" is defined in Black's Law Dictionary (4th Ed.) as "[a]n action wherein an issue is presented for trial formed by averments of complaint and denials of answer or replication to new matter." Further, "civil action" is defined as implying adversary parties and an issue and is designed for the recovery of a civil right or the redress of some civil wrong. *Bopst* v. *Williams,* 287 Mo. 317, 328.

The plaintiff, in effect, argues that summary process is a special statutory proceeding and, therefore, not a civil action. The court is unable to comprehend his syllogism. The plaintiff relies heavily on General Statutes § 52-122[3] to conclude that the

---

[3] "[General Statutes] Sec. 52-122. PROCEDURE IN CERTAIN ACTIONS NOT CHANGED. Sections 52-1, 52-89, 52-90, 52-91, 52-93, 52-94, 52-96, 52-97, 52-279 and 52-312 shall not affect flowage petitions, or proceedings in paternity, replevin, summary process, habeas corpus, mandamus, prohibition, ne exeat, quo warranto, forcible entry and detainer or peaceable entry and forcible detainer, or for paying rewards."

procedural aspects of title 52 of the General Statutes, entitled "Civil Actions," have no application to summary process. The plaintiff's reliance is misplaced and § 52-122 is misconstrued. Section 52-122 is entitled "Procedure in certain actions not changed." It lists ten statutes and declares that they shall not affect various proceedings including summary process. Very briefly the court addresses the statutes referred to in § 52-122.

General Statutes § 52-1 allows for the joint administration of legal and equitable rights. Equitable issues are precluded in summary process. *Dreifuss* v. *World Art Group, Inc.*, 6 Conn. Cir. Ct. 309. General Statutes §§ 52-89 and 52-90 deal with the mesne process form with respect to complaints returnable on Tuesdays and to judicial districts. Return days and venue for summary process proceedings are specially provided for in General Statutes § 47a-23. General Statutes §§ 52-93, 52-94 and 52-96 have been repealed. General Statutes § 52-97 deals with the union of legal and equitable causes of action, clearly repugnant to these proceedings. General Statutes § 52-279 authorizes the granting of attachments, and General Statutes § 52-312, recently held unconstitutional, provides for body attachments, manifestly unrelated to summary process.

Finally, General Statutes § 52-91, entitled "Pleadings, contents of complaint," relates to the employment of specific language to delineate the jurisdictional divisions between the Court of Common Pleas and the Superior Court before and after the July 1, 1978 merger. Venue for summary process after July 1, 1978, is established under General Statutes § 51-348.

The plaintiff's principal argument is that the granting of discovery in summary process proceed-

ings will defeat the "remedy to enable landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common-law actions, they might be subjected by tenants wrongfully holding over their terms." *Marsh* v. *Burkans,* 79 Conn. 306, 308; *Atlantic Refining Co.* v. *O'Keefe,* 131 Conn. 528, 530.

The plaintiff's fears are groundless. There is no reason to anticipate lost rentals if the landlord makes judicious use of a motion for reasonable use and occupancy. Under General Statutes § 47a-26, a landlord can immediately secure a court order for fair rental value during the pendency of the proceedings. Failure to comply with the order for use and occupancy will mandate a privileged hearing notwithstanding an order for discovery which has not been complied with.

The plaintiff is also reminded that the granting or denial of a motion for discovery rests within the sound discretion of the court. *Bloede Co.* v. *Bancroft & Sons Co.,* 98 F. 175 (D. Del.); *Katz* v. *Richman,* 114 Conn. 165.

The court recognizes that summary process is to be limited to a few simple issues; *Rosa* v. *Cristina,* 135 Conn. 364; *Webb* v. *Ambler,* 125 Conn. 543; but the once simplistic statutory derogation of the common law right of ejectment is slowly yielding to a more technical and adversary proceeding.

A cursory glance at the statutory amendments to the Connecticut summary process chapter will confirm the adversary enactments legislated over the past several years. Tenants, upon proof of unfit or uninhabitable premises; General Statutes § 47a-7; may now be excused from the payment of rent. General Statutes § 47a-4 (c). Tenants may forestall the prosecution of a summary process proceeding for six months if they can prove that the

eviction action is a retaliatory action by the landlord within the purview of General Statutes §§ 47a-20 and 47a-33.

Additionally, the plaintiff herein is a public housing authority subject to state and federal rules regulating the eviction of tenants. It is not unreasonable to anticipate that a tenant being dispossessed would attempt to secure total compliance with these regulations by her landlord. In many instances, the only effective method by which tenants can secure the information necessary to assert successfully their claims is by the discovery motion. The denial of discovery would seriously negate the recently legislated rights of tenants.

The court notes finally that § 47a-23, the primary Connecticut summary process statute, states in part that "any commissioner of the superior court may issue a writ, summons and complaint which shall be in the form and nature of an ordinary writ, summons and complaint in a civil process . . . ." The court is satisfied that the legislature intended summary process to be a civil action.

Accordingly, the plaintiff's objection to the defendant's motion for disclosure and production is overruled. The plaintiff is ordered to comply with the defendant's motion in accordance with § 228 of the 1978 Practice Book.