[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SUPPRESS
Plaintiff commenced this summary process lawsuit to evict the defendants from the premises owned by the plaintiff, Housing Authority of the City of Stamford, for various reasons including allegations that the defendants were conducting illegal drug transactions on the premises. The defendant, Cynthia Dawkins, has moved to suppress evidence obtained by the Stamford Police Department pursuant to a search and seizure warrant claiming that the warrant was defective by failure to comply with Connecticut General Statutes § 54-33c et seq. The larger issue being raised by this motion is whether the exclusionary rule regarding illegal searches and seizures is applicable to civil cases. This is a case of first impression in Connecticut.
FACTS
The plaintiff, Housing Authority of the City of Stamford entered into a written lease with the defendant, Cynthia Dawkins for the premises which is the subject of this eviction. According to the terms of that lease the defendant, Cynthia Dawkins, agreed not to permit any illegal drug activity to be conducted on the premises including the possession of illegal drugs.
The Stamford Police Department obtained a search and seizure CT Page 5028 warrant executed by a Judge of the Superior Court and served that warrant at the premises. As a result of that search various quantities of narcotics were seized as well as drug paraphenalia, beeper, scales, and other related equipment. Prior to the commencement of the trial the defendant, Cynthia Dawkins, filed a motion to suppress evidence seized; specifically the items set forth in the inventory of property seizedC.G.S. § 54-36a(b) The defendant claims that the warrant authorizing the search and seizure was defective by failing to meet the requirements ofConnecticut General Statutes § 54-33c. The defendant therefore moved to suppress the evidence pursuant to Connecticut General Statutes § 54-33f,
and declare that "the evidence seized shall not be admissible in evidence at any hearing or trial," specifically this summary process trial. Connecticut General Statutes § 54-33f(c).
DISCUSSION OF LAW
The first issue is whether a summary process action is a civil action. Summary process is a statutory action. Jo-Mark Sand GravelCo. v. Pantanella, 139 Conn. 598, 600-601 (1953). It is based primarily on the termination of a lease. The purpose of the action is to enable the landlord upon such termination to recover possession from the tenant. Webb v. Ambler, 125 Conn. 543, 550 (1939). A complaint in a summary process lawsuit is commenced in accordance with ConnecticutGeneral Statutes § 47a-23a(a) That statute states "Any commissioner of the superior court may issue a writ, summons and complaint which shall be in the form and nature of an ordinary writ, summons and complaint in a civil process." Connecticut General Statutes § 47a-23a(a) A civil action is commenced by legal process consisting of a writ of summons. The writ shall be accompanied by the plaintiff's complaint. ConnecticutGeneral Statutes § 52-45a. The form for the commencement of a civil action is contained in the Connecticut General Statutes. ConnecticutGeneral Statutes § 52-45b. This form of civil action has been adopted in summary process writs. Practice Book § 49 The date of return of the civil process is set forth by the statute. "Process in civil actions returnable to the supreme court shall be returned to its clerk at least twenty days before the return day and, if returnable to the superior court, except process in summary process actions and petitions for paternity and support, to the clerk of such court at least six days before the return day." Connecticut General Statutes § 52-46a
By statute summary process requires expedited pleadings and the statute states that the complaint "shall be returned to court at least three days before the return date." Connecticut General Statutes §47a-23a(a) Furthermore the return day of all civil process is established by statute. "Process in civil actions, including transfers and CT Page 5029 applications for relief or removal, but not including summary process actions, brought to the superior court may be made returnable on any Tuesday in any month. The return day in any summary process action may be any week day, Monday through Saturday, except a holiday."Connecticut General Statutes § 52-48 Summary process is a civil action.Housing Authority v. Boyd, 36 Conn. Sup. 47, 48 (1979). "The legislature intended summary process to be a civil action." HousingAuthority v. Boyd, supra 53.
Connecticut General Statutes § 54-33a and its related sections regarding search and seizure requirements first became Connecticut law in 1963. 1963 P.A. 652, following the United States Supreme Court decision in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684,6 L.Ed.2d 1081
(1961). Prior to Mapp v. Ohio the rule in the State of Connecticut was that evidence, although obtained by unlawful search and seizure, is, nevertheless, admissible in a criminal prosecution. State v. Reynolds101 Conn. 224, 231 (1924); State v. Griswold, 67 Conn. 290, 306 (1896). It is now clear that if a search and seizure rendered illegal either by actions of the police serving the search and seizure warrant, by misapplication of constitutional authority or by an error of the magistrate issuing the search and seizure warrants, the resulting evidence must be excluded and rendered inadmissible in any criminal hearing or trial. Connecticut General Statutes § 54-33f This rule has been followed in a consistent series of cases starting with State v.DelVecchio 149 Conn. 567, 576 (1962). There are at least 36 Appellate Court or Supreme Court cases issued in the State of Connecticut discussing the exclusionary rule regarding search and seizures; the latest being State v. Andrews, 33 Conn. App. 590 (1994). All are criminal cases.
HISTORY OF THE EXCLUSIONARY RULE
The Fourth Amendment to the United States Constitution states "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." In 1914 the United States Supreme Court held that evidence obtained in violation of the Fourth Amendment of the United States Constitution was inadmissible in the government's case in chief involving federal prosecutions. Weeksv. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914). Until 1961 the Weeks exclusionary rule applied only to federal prosecutions. Mapp v. Ohio, applied the Weeks exclusionary rule to state prosecutions rendering inadmissible in the state's case in chief CT Page 5030 evidence obtained in violation of the Fourth Amendment.
In 1961 the State of Connecticut had a common law rule that evidence although obtained by unlawful search and seizure were nevertheless admissible in criminal prosecutions, both under the Connecticut and United States Constitutions. State v. Carol, 120 Conn. 573,575 (1935); State v. Magnano, 97 Conn. 543, 546 (1922). The two leading cases of outlining this pre Mapp v. Ohio, rule in Connecticut are State v. Reynolds supra 231; and State v. Griswold, supra 306.
The more recent Supreme Court cases indicate that the purpose of the exclusionary rule is deter illegal police conduct. State v. Janis,428 U.S. 433, 446, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976). The exclusionary rule was designed to deter future unlawful police conduct and therefore effectuate Fourth Amendment guarantees against unreasonable searchs [searches] and seizures, not to vindicate an individual's constitutional rights. United States v. Calandra 414 U.S. 338, 348,94 S.Ct. 613, 38, L.Ed.2d 561 (1974). This deterence [deterrence] of illegal police conduct is also the rationale behind exclusionary rule in Connecticut. State v. Surowiecki 184 Conn. 95, 101 (1981); State v.Cooper, 9 Conn. App. 15, 27 (1986)." The purpose of the exclusionary rule is the deterrence of police misconduct and the removal of inducements to unreasonable invasions of privacy." State v. Cooper,
supra 27.
In 1984 the Supreme Court created a good faith exception to the exclusionary rule indicating that evidence would be admissible if it was obtained by police acting in reasonable good faith reliance on the search warrant which search warrant was subsequently held to be deficient. United States v. Leon, 468 U.S 897, 905, 104 S.Ct. 3405,82 L.Ed.2d 677 (1984). The rationale of the good faith exception to the exclusionary rule was "the marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial cost of exclusion." United States v. Leon, supra 922.
Prior to 1961 a motion to suppress evidence was not permitted in Connecticut criminal procedure. "One reason why such a motion was not formerly entertained was that prior to the decision in Mapp v. Ohio, any illegality in the search and seizure of evidence was irrelevant on the question of its admissibility." State v. Collins, 150 Conn. 488,489 (1963). In 1977 the Supreme Court concluded that certain sections of the Constitution of the State of Connecticut afforded more substantial protection to citizens than does the Federal Constitution. Horton v.Meskill, 172 Conn. 615, 641-642 (1977). State v. Kimbro, 197 Conn. 219, CT Page 5031 235 (1985). "Federal law, whether based on statute or constitution, establishes a minimum national standard for the exercise of individual rights and does not inhibit state governments from affording higher levels of protections for such rights." Cologne v. WestfarmsAssociates, 192 Conn. 48, 57 (1984).
The Constitution of the State of Connecticut has its own search and seizure provision. "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches or seizures; and no warrant to search any place, or to seize any person or things, shall issue without describing them as nearly as may be, nor without probable cause supported by oath or affirmation." Constitution of the State ofConnecticut, Article I, Section 7. Concerning the matters of search and seizure the Constitution of the State of Connecticut has been held to provide greater rights and protections than that contained in theFourth Amendment of the United States Constitution as applicable to the states by reason of the Fourteenth Amendment of the United States Constitution. For example in Connecticut there is no good faith exception to the exclusionary rule. State v. Marsala, 216 Conn. 150,159 (1990).
State v. Marsala ruled on the the statutory requirements of theConnecticut General Statutes § 54-33f(c) which is the same statute relied on the by the defendant, Cynthia Dawkins, in seeking the suppression of the evidence in this summary process trial.
The Constitution of the State of Connecticut does provide for certain exceptions to the exclusionary rule. State v. Magnano, 204, 259, 271 (1987) (Exigent circumstances); State v. Gasparro, 194 Conn. 96,107 (1984) (Inventory searches); State v. Graham, 186 Conn. 437,443-45 (1982) (Plain view doctrine); State v. Shaw, 186 Conn. 45, 48-49
(1982) (Search incident to a lawful custodial arrest) State v.Januszewski, 182 Conn. 142, 155-157 (1980) (Automotive exception to warrant requirement]).
"We have turned to our own constitution, when appropriate, to afford our citizens broader protection of certain personal rights than that afforded by similar or even identical provisions of the federal constitution." State v. Dukes, 209 Conn. 98, 112 (1988) State v.Stoddard, 206 Conn. 157, 166 (1988); State v. Jarzbek, 204 Conn. 683,707-708 (1987); State v. Kimbro, supra 245; State v. Scully, supra 674;State v. Couture, 194 Conn. 530, 546 (1984); Cologne v. WestfarmsAssociates, supra 57; Fasulo v. Arafeh, 173 Conn. 473, 475 (1977);Horton v. Meskill, supra 641-642; State v. Miller, 29 Conn. App. 207,222 (1992); State v. Oquendo, 223 Conn. 635, 649, (1992); State v.CT Page 5032Geisler, 222 Conn. 672, 695 (1992). This doctrine of the greater protections to Connecticut residents afforded by the State Constitution than those supplied by the United States Supreme Court's interpretation of similar provisions of the Federal Constitution was last cited by an appellate court in Connecticut on April 18, 1995. State v. Trine,37 Conn. App. 561, 566 (1995).
CONCLUSION
There appears to be a split of authority among other state courts as to whether illegally obtained evidence is admissible in civil actions. 5 A.L.R.3rd 670 (1991). There is no reported case on this subject in the State of Connecticut. This issue can be decided on Connecticut authority without the assistance of other jurisdictional opinions.
The statute cited as authority for the motion to suppress is contained in Title 54 of the Connecticut General Statutes which is subtitled "Criminal Procedure". Although this court recognizes that statutes are not to be interpreted by their headings it appears that the fact that the illegal search and seizure provisions are found in Title 54, the Criminal Procedures section of the statute, is of significance since a similar evidentiary exclusionary rule is not contained in Title 52, the Civil Actions section of the Connecticut General Statutes.
The Connecticut Practice Book is divided into separate sections. Connecticut Practice Book § 49 through and including § 591 are Superior Court Rules — Civil Cases. Practice Book § 592 to § 1021 are Superior Court Rules — Criminal Cases. The rules regarding a Motion to Suppress and the return of Seized Property are found in Practice Book sections 820 to 826, Superior Court Rules — Criminal Cases. There is no similar sections relating to suppression contained in the Superior Court Rules — Civil Cases.
The defendant, Cynthia Dawkins, is claiming that the evidence should be suppressed by a reason of an improper execution and return of the warrant in violation of Connecticut General Statutes § 54-33c. Such a defect is sufficient under Connecticut law to suppress the evidence seized where the warrant failed to comply with the statutory procedure.State v. Mancinone, 15 Conn. App. 251, 268 (1988); State v. Tully,14 Conn. App. 356, 364 (1988); State v. Cologne, 32 Conn. App. 402, 407
(1993). It is not necessary for the court to reach the issue as to whether or not the search and seizure warrant was defective underConnecticut General Statutes § 54-33c.
CT Page 5033
The defendant further claims that the entry into the premises of Lawrence Ceci, a special police officer of the City of Stamford who is the full time security officer of the plaintiff, was the action of Mr. Ceci as an agent of the police. The rules that excludes illegally obtained evidence under the Fourth Amendment of Federal Constitution standards and Article I, Section 7 of the Connecticut Constitution apply only to unreasonable searches and seizures conducted by police officials. Whether or not an individual was acting in that capacity or as an agent for the police is a point of inquiry in this particular case. State v. Andrews, 33 Conn. App. 590, 597 (1994). It is again not necessary for this court to reach that issue.
This case turns on the conclusion of the court that under the facts of this case the exclusionary rule does not prevent illegally seized evidence from being admitted. Therefore it is not necessary to reach the other issues.
In order to reach this conclusion the court reviewed a number of flower court decisions involving search and seizure issues in non criminal type proceedings.
The issue of whether or not the exclusionary rule applied to administrative motor vehicle license suspension proceedings was discussed in Scranton v. Department of Motor Vehicles,5 Conn. L. Rptr. 601, 1991 Ct. Sup. 8862, 6 CSCR 982, (1991) (Smith, J.). In that case the plaintiff failed to sustain his burden of proving that the administrative license suspension procedure in a hearing held pursuant to the implied consent statute is unconstitutional because it fails to address one's right to be free from unreasonable searches and seizures. It was held that hearings conducted under Connecticut General Statutes§ 14-227b are administrative proceedings and not criminal trials. The decision also noted the Connecticut agency regulations § 14-227b-20(b) stated, "the determination of the facts at the administrative hearing by the hearing officer shall be independent of the determination of the same or similar facts in the adjudication of the criminal charges arising out of the person's arrest for the enumerated offense." The trial court found support in a decision of the Pennsylvania Supreme Court. Commonwealth of Pennsylvania, Department of Transportion v.Wysocki, 535 A. 2nd 77 (Pa. 1987).
Following day the decision of Papa v. Department of Motor Vehicles,5 Conn. L. Rptr. 144, 1991 Ct. Sup. 8851, (October 16, 1991) (Smith, J.) was rendered. Papa involved a suspension hearing pursuant to the implied consent law of Connecticut General Statutes § 14-227b.
The plaintiff in that case claimed that the statutory requirements CT Page 5034 for the scope of the commissioner's hearing "falls short of that which is necessary to insure that the plaintiff is accorded his whole panoply of rights that Connecticut residents have come to expect as their due." The trial court indicated that the suspension hearing was an administrative proceeding as set forth in the statute. It is further noted "the purpose of the exclusionary rule is not to redress the injury to the privacy of the search victim, instead the rule's prime purpose is to deter future unlawful police conduct and thereby effectuate the guarantee of the fourth amendment against unreasonable search and seizures. United States v. Calandra, supra 347.
The court weighed potential injury to the administrative license suspension process from the exclusion of relevant evidence against the potential benefits of the exclusionary rule. "The exclusion of such evidence in an administrative license suspension hearing under the implied consent law would thwart the purpose of that law, which is to protect the public in the use of its highways." Papa v. Department ofMotor Vehicles supra 8858, State v. Hanusiak 4 Conn. Civ. Ct. 34, 40-41 (App.Div. 1966).
The latest trial court case on the subject was a decision by Judge Spear. It was written after Judge Spear was elevated to the Appellate Court. City of Bridgeport v. Police Department Employee's Union Local1159, 1994 Ct. Sup. 5155, (May 16, 1994) (Spear, J.). Judge Spear found, in this approval of an arbitration award action, "it is axiomatic that in an unrestricted submission the arbitrators are not bound to follow the law in deciding the issues presented to them." Bridgeport v.Bridgeport Police Local 1159, 183 Conn. 102, 107 (1981). One issue raised was whether or not the criminal law evidence exclusion concepts apply to civil actions such as an arbitration award and if they did, were the arbitrators in error by failing to apply that law. The arbitrators apparently concluded that the Union was correct in its position that the Department's failure to follow the Bill of Rights and its own internal policies resulted in a tainted investigation which affected the finding of just cause for the dismissal of the officer in question. The trial court using the general concept that arbitrators are not bound to follow the law, did not reach the issue of the exclusionary rule. "Where the submission is unrestricted, the award is . . . final and binding and cannot be reviewed for errors of law or fact." Milford Employees Assn. v. Milford, 179 Conn. 678, 683 (1980).
Judge Spear's only reference to the exclusionary rule was contained in the following paragraph;
"Further, it is not clear that what the arbitrators did was a CT Page 5035 complete incorporation of the criminal law concept of tainted evidence. As a general rule, illegally seized evidence cannot be used in the state's case in chief against the defendant. Weeks v. United States
232, U.S. 383, 58 L.Ed. 652, 34, S.Ct. 341 (1914); Mapp v. Ohio,367 U.S. 643, 815 S.Ct. 1684, 6 L.Ed.2d 1081 (1961)." The Connecticut Supreme Court has discussed this issue in Payne v.Robinson, 207 Conn. 565 (1988), where it was held that the exclusionary rule does not apply to a probation revocation hearing. ConnecticutGeneral Statutes § 53a-32. The Supreme Court explored the underlying purpose of the exclusionary rule. It weighed "the potential injury to the probation revocation process from exclusion of relevant evidence against the potential benefits of the rule as applied in this context."Payne v. Robinson, supra 570.
The court determined that the purpose of the probation revocation proceedings is to determine whether a probationer is complying with the conditions of probation. The Supreme Court concluded that the application of the exclusionary rule to the probation revocation hearing would at best achieve only a marginal deterrent effect. The court found further exclusion of such evidence in a probation revocation hearing would not appreciably enhance the deterrent effect already created by the inadmissibility of the tainted evidence in a criminal trial. Paynev. Robinson, supra 570. It was further held that the use of the seized evidence in a probation revocation hearing "falls outside the offending officer's zone of primary interest." United States v. Janis, 428 U.S. 428,433, 458 (1976). The "exclusion of such evidence will not significantly affect a police officer's motivation in conducting a search." Payne v. Robinson, supra 571.
Therefore it is appropriate for this court sitting as the trier of fact in a summary process civil action to balance the interests of the parties with that of the police officers. The evidence indicated that there was a drug offense arrest. The arrest resulted in a prosecution and that prosecution has been terminated. The Stamford Police Department therefore has no further interest in the criminal prosecution of this particular matter. The police are appearing at trial in a witness capacity testifying as to the facts and circumstances that led to the search and seizure as well as the search and seizure itself. The plaintiff on the other hand has great deal of interest in seeing to that drug possession and drug trafficking, epidemic in Housing Authorities in the State of Connecticut, cease. The plaintiff also has interest in enforcing the terms and conditions of its lease. The defendant, Cynthia Dawkins, has a contractual obligation to abide by the terms and conditions of the lease. Both parties to a landlord/tenant relationship have a duty of good faith and fair dealing to each other. Warner v.CT Page 5036Konover, 210 Conn. 150, 156 (1989). The defendant as a tenant in a subsidized housing project has an expectancy of continued occupancy under a virtual permanent lease. Housing Authority of East Hartford v.Parker, 1992 Ct. Sup. 8735, 7 CSCR 1185, H-976, (August 7, 1992) (Holzberg, J.)
This court makes four findings regarding the Payne test. First the court finds that the application of the exclusionary rule to this summary process action would at best achieve only a marginal deterrent effect. Second it finds that the further exclusion of such siezed [seized] evidence in this trial would not appreciably enhance the deterrent effect already created by the inadmissibility of the tainted evidence in a criminal trial. Third this court finds that the use of the seized evidence in this case falls outside the offending officer's zone of primary interest. The final finding is that the exclusion of such evidence will not significantly affect a police officer's motivation in conducting a search.
This court concludes that on balance the exclusionary rule does not apply to this summary process action. Although the court is inclined to find that the exclusionary rule does not apply to any civil action in State of Connecticut it is possible to envision a set of facts or circumstances in which the balancing test of Payne v. Robinson,207 Conn. 565, 570 (1988) would be applied in favor of the exclusion of the illegally seized evidence.
Such a balancing test was conducted in a case recently decided.Connecticut General Statutes § 54-33f(c) which bars the admission at any hearing or trial "of evidence for which a motion to suppress has been granted, does not extend the exclusionary rule to a subsequent probation violation hearing. Therefore evidence suppressed in a criminal trial may still be utilized in a subsequent probation hearing based on the same conduct, even though the criminal charges were dismissed following the granting of the motion to suppress." State v.Ellison, 13 Conn. L. Rptr. No. 15, (April 10, 1995) (Scheinblum, J.).
The Motion to Suppress the evidence is denied since the exclusionary rule does not apply to this civil action.
BY THE COURT, KEVIN TIERNEY, JUDGE CT Page 5037