[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
MOTION TO TRANSFER
The issue in this civil lawsuit seeking money damages for non payment is whether an agreement regarding a free standing billboard sign is within the jurisdiction of the Housing Session as set forth in the Connecticut General Statutes § 47a-70.
FACTS
On July 13, 1993 the plaintiff as the owner of a free standing billboard advertising sign entered into an agreement with the defendant, a furniture business, for the use of the sign for furniture advertising for a three year period. The sign is located at 320 Elm Street, Stamford Connecticut. The parties stipulated that the sign was constructed in such a manner to be in view of the traffic on I-95. The sign was not connected to any other premises owned, leased or occupied by either of the parties. The July 13, 1993 agreement called the arrangement an "Agreement". The agreement contained the following language. "Tenant hereby leases the Sign for a period of three (3) years commencing on the date of the Lease Signing. Rental shall be as follows: For the period of August 1, 1993 through . . . July 31, 1996 tenant shall pay $1,150 per month." Further clauses stated that the tenant shall be responsible for painting the sign, illuminating the sign, providing insurance and holding the landlord harmless for all losses and liabilities. Both parties signed the agreement.
The plaintiff's lawsuit claims that the defendant failed to make the monthly payments due February 1995, through July 1995. The plaintiff seeks money damages and interest. CT Page 1415
DISCUSSION OF LAW
The defendant has moved to transfer this case to the regular docket of the Superior Court Judicial District of Stamford/Norwalk at Stamford, alleging "on the grounds that the instant matter is not a housing matter." In its supporting memorandum the defendant correctly notes that the ConnecticutGeneral Statutes § 47a-70 states that "All proceedings involving a housing matter" in the Stamford/Norwalk J.D. be placed on the housing docket for said district. The defendant then citesConnecticut General statutes § 47a-68, the definition section, and states that "housing matters" listed therein do not specifically include a free standing billboard sign litigation as being within the jurisdiction of the Housing Session.
The court notes that the jurisdiction of the Housing Session to determine disputes of non payment of rent or use and occupancy is contained in Connecticut General Statutes § 47a-68(h). "All actions for back rent, damages, return of security deposits and other relief arising out of the parties' relationship of landlord and tenant or owner and occupant." There are no reported cases discussing this subject.
Although the Housing Session was established by statute, it is still the Superior Court. Connecticut General Statutes § 47a-68,47a-69, 47a-72, 47a-73, 47a-74, 51-51v, 51-165 and51-278(b). The establishment of the Housing Session of the superior court created another venue not another separate court.Connecticut General Statutes § 51-348(c). "The venue for summary process after July 1, 1978 is established under ConnecticutGeneral Statutes § 51-348." Housing Authority v. Boyd,36 Conn. Sup. 47, 51 (1979).
Therefore Connecticut General Statutes § 47a-68 is a venue statute not a jurisdictional statute. "No cause shall fail on the ground that it has been made returnable to an improper location." Connecticut General Statutes § 51-351. "All proceedings involving a housing matter in the judicial district of Hartford-New Britain, New Haven, Fairfield, Waterbury or Stamford-Norwalk shall first be placed on the housing docket for that district, provided that the judge before whom such proceeding is brought may transfer such matter to the regular docket for a geographical area or judicial district if he determines that such matter is not a housing matter or that such CT Page 1416 docket is more suitable for the disposition of the case."Connecticut General Statutes § 47a-70(a).
The superior court is a unified court and is divided into divisions or parts as established by the Rules of Court. The legislature established a separate Housing Session division but did not establish a separate court. The judges assigned to Housing Sessions routinely perform all the duties of all other superior court judges and take umbrage when a litigant refers to the Judicial District court as the "real superior court". The assignment to the Housing Session is made by the chief administrative judge, as are all judicial assignments, under the legislative power of Connecticut General Statutes § 51-164t. The transfer from the Housing Session to the regular session of the Supreme Court and vice versa is a venue transfer, nothing more nothing less. State v. Thrall, 39 Conn. Sup. 347, 353 (1983).
CONCLUSION OF LAW
Although the legislature and the practice book refers to the "Housing Session" it is not limited to matters that involve residential houses. Multimillion dollar commercial lease disputes are handled by housing session judges. Substantial CUTPA and discrimination cases are heard as well as the more mundane residential and commercial evictions. The use of the word "Housing" does not limit the jurisdiction of the Housing Session.
Although not controlling, the use by the parties of the words "Landlord", "Tenant", "rent" and "leases" is instructive. Although not normally capable of being occupied, a free standing billboard sign has the following attributes common to residential and commercial premises designed for human occupation; (a) a structure built upon land, (b) subject to zoning and other governmental rules and regulations, (c) designed to be rented, (d) used for business purposes, (e) subject to maintenance obligations, both routine and structural, (f) can utilize utilities, (g) is rented for a specific period, (h) a vacant sign without advertising produces no money for the landlord just like a vacant building, and (i) is capable of being insured.
Under all the circumstances of this case combined with the liberal venue construction set forth in Connecticut GeneralStatutes § 47a-70a and Connecticut General Statutes § 51-351, this CT Page 1417 court holds that under Connecticut General Statutes § 47a-68(h)
a lawsuit for damages for failure to pay for the use of a free standing billboard advertising sign is "an action for back rent, damages . . . and other relief arising out of the parties relationship of landlord and tenant or occupant and owner." The statute says "all" actions and this should be broadly interpreted to be all inconclusive. Clearly the parties use the phrase "landlord and tenant". The dispute involves an improvement to land or structure. The dispute involves the plaintiff as the owner and the defendant who occupies the sign by placing furniture advertising on the sign to attract I-95 traffic during the five months in dispute.
The Motion to Transfer is denied.
BY THE COURT, KEVIN TIERNEY, JUDGE